UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **M.A.**, *et al.*,<br><br>        **Plaintiffs**,<br><br>           v.<br><br>**ALEJANDRO N. MAYORKAS**, Secretary, U.S. Department of Homeland Security, *et al.*,<br><br>        **Defendants.** | Civil Action No. 23-1843 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs are immigrants' rights organizations and thirteen asylum seekers from South and Central America who are fleeing or hiding from serious threats of persecution in their home countries and in Mexico. See ECF No. 1 (Complaint), ¶¶ 20–34. They have sued the Department of Homeland Security and various related federal agencies and officials to challenge DHS's new expedited removal policies. Id., ¶¶ 1, 35–46. In light of the "sensitive and highly personal nature of their cases," Plaintiffs now move to proceed under pseudonyms and to file their exhibits in support of that request (which contain information that could identify them to their abusers and persecutors) under seal. See ECF No. 4 (Motion) at 1–2 (internal quotation marks omitted); id. at 11. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

## I.   Legal Standard

Generally, a complaint must identify the plaintiffs, and filings must be placed on the public docket.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).

The identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

As with the pseudonymity inquiry, "[t]he starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).  Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

**II.  Analysis**

The Court will consider Plaintiffs' pseudonymity and sealing requests in turn, recognizing that they implicate similar considerations.

    A.    <u>Proceeding Under Pseudonym</u>

At this stage, Plaintiffs have succeeded in showing that their safety concerns and privacy interests outweigh the public's presumptive and substantial interest in learning their identities.

First, as the Complaint makes clear, Plaintiffs do not seek to proceed under pseudonyms "merely to avoid the annoyance and criticism that may attend litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  The Complaint reveals "intimate or sensitive personal information" about each Plaintiff of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, [and] bodily

3

autonomy." Doe v. Rogers, No. 12-1229, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)).  Specifically, it describes in vivid detail particular threats and instances of physical and sexual violence that Plaintiffs have experienced or witnessed in their countries of origin.  See, e.g., Compl., ¶ 20.

For similar reasons, the second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties" also favors proceeding under a pseudonym.  See In re Sealed Case, 971 F.3d at 326 (internal quotation marks and citation omitted).  In a set of accompanying declarations, Plaintiffs describe the harrowing and often violent experiences that have led them to our nation's doorstep.  All have put forth compelling narratives about the risks they face should gangs, paramilitary groups, or former abusers discover their whereabouts and actions.  Two Plaintiffs, for example, have identified specific instances of torture.  See ECF No. 4-3 (Declaration of R.S.), ¶ 10; No. 4-8 (Declaration of M.R.), ¶¶ 5, 11.  They and other Plaintiffs have received direct death threats.  See, e.g., ECF No. 4-4 (Declaration of M.P.), ¶ 5.  This ample declaratory material also describes the extent to which Plaintiffs' abusers could go to identify and harm them and other innocent non-parties.  One Plaintiff, for example, noted that gang members tracked her down at her parents' house and continued to return there even after she fled.  See ECF No. 4-2 (Declaration of M.A.), ¶¶ 5–6.

The third factor cuts against Plaintiffs, none of whom indicate that they are minors or otherwise address this factor.  See In re Sealed Case, 971 F.3d at 326.  There are three Plaintiffs, however, who have voiced concerns over their and other children's safety and welfare should Plaintiffs' names be released.  See Decl. of R.S., ¶¶ 34–35; Decl. of M.P., ¶ 5; ECF No. 4-10 (Declaration of L.A.), ¶ 17.  The Court finds those concerns valid and has considered them under the second factor discussed above.

The fourth factor, too, weighs against granting Plaintiffs' Motion. Often, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019) (similar). Plaintiffs' lawsuit, however, lodges statutory and treaty-based challenges to a swath of federal regulations, including Defendants' new Circumvention of Lawful Pathways rule. See Compl., ¶¶ 133–76; see also Sponsor v. Mayorkas, No. 23-712, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (finding fourth factor weighs against pseudonymity where "suit challenge[d] the denial of a specific set of parole applications" but "implicate[d] the more broadly applicable Administrative Procedure Act and the Fourteenth Amendment to the United States Constitution"). Those broad legal claims trigger the "heightened public interest" that applies "'when an individual or entity files a suit against the government,' particularly in a manner that may 'alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward.'" Sponsor, 2023 WL 2598685, at *2 (quoting In re Sealed Case, 971 F.3d at 329). This factor therefore weighs in favor of disclosure.

Fifth and finally, the Government would suffer no "risk of unfairness" if the Motion were granted. In re Sealed Case, 971 F.3d at 326 n.1. As Plaintiffs note, "Defendants will know Plaintiffs' true identities" and will have the necessary information to defend against their claims. See Mot. at 9–10.

In sum, although the third and fourth factors weigh against granting the Motion, the first, second, and fifth factors heavily favor permitting Plaintiffs — who remain in hiding — to

proceed under pseudonyms at this stage, especially in light of the serious and specific threats that they and their related non-parties have faced in their countries of origin and Mexico. The Court therefore grants Plaintiffs' request to proceed under pseudonyms.

B.   Sealing Supporting Declarations

As for their request to file their supporting Declarations under seal, Plaintiffs have at this early juncture met their burden to overcome the presumption in favor of public access to court records, as an examination of the Hubbard factors demonstrates.

The first, "the need for public access to the documents at issue," weighs in favor of sealing. Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–20). This civil action is not the sort of traditional criminal proceeding to which courts have attached a heightened public interest. See Hubbard, 650 F.2d at 317. Plaintiffs, furthermore, are not seeking to seal their Complaint or any future documents that discovery might produce. They seek to seal only the Declarations attached to their Motion, which comprise extensive summaries of each Plaintiff's circumstances and which their Complaint does not cite to or otherwise rely on. See Compl., ¶¶ 20–32. Rather, the supporting Declarations are solely related to Plaintiffs' Motion to Proceed Pseudonymously. See, e.g., Decl. of M.A. (describing fear that if her name is revealed, gang members will find and kill her). In short, sealing would deprive the public of access only to the intimate details in Plaintiffs' Declarations, which recount the specific threats and acts of violence that Plaintiffs and their loved ones have endured.

The second and third factors further support sealing. As to the second, "[t]here is . . . no previous access [to the documents] to weigh in favor" of disclosure. Hubbard, 650 F.2d at 318–19. To the Court's knowledge, the public has never had access to the information in the

supporting Declarations that is not already listed in the Complaint. The third factor thus supports Plaintiffs, too.

The fourth Hubbard factor, "the strength of any property and privacy interests asserted," weighs strongly in favor of sealing. In Hamen v. Islamic Republic of Iran, 318 F. Supp. 3d 194, 198 (D.D.C. 2018), Judge Randolph Moss noted that a party's privacy interests can include its interests in safety. Having reviewed the Declarations, the Court finds that they are so replete with intimate identifying details that even a partial unsealing could risk implicitly revealing their identities and thereby placing them "in significant danger." See Mot. at 8. This factor, therefore, counsels strongly in favor of sealing, although the District Judge to whom this case is assigned may revisit that determination as litigation proceeds. See Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.").

The fifth factor considers "the possibility of prejudice to those opposing disclosure." Nat'l Children's Ctr., 98. F.3d at 1409. Because Plaintiffs' Complaint appears independent of their Declarations, disclosure would not appear to prejudice either party. Cf. Peraton Sols. Inc. v. Mil. Bowl Found., Inc., No. 23-1052, 2023 WL 3751119, at *2 (D.D.C. Apr. 17, 2023) (discussing risk of disclosing information that could violate a confidentiality agreement). This factor is therefore neutral.

The sixth and final factor, concerning the purpose for which the documents were introduced, further counsels in favor of non-disclosure. See Hubbard, 650 F.2d at 321–22. "The more relevant [information] is to the central claims of the litigation, the stronger the presumption of unsealing the [information] becomes." United States v. Harris, 204 F. Supp. 3d 10, 17–18

(D.D.C. 2016). Again, the information in question here is not relevant to the central claims of the litigation at this stage.

At the end of the day, none of the six <u>Hubbard</u> factors favors disclosure at this time, and the Court will grant Plaintiffs' request to file their supporting exhibits under seal.

\* \* \*

The Court accordingly ORDERS that:

1. Plaintiffs' [4] Motion to Proceed Under Pseudonyms and to File Supporting Exhibits Under Seal is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs must file:

    i. A pseudonymous version of their [4] Motion and [4-1] Proposed Order for filing on the public docket, with supporting Declarations to remain under seal; and

    ii. A sealed declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: <u>July 6, 2023</u>