**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.A., et al., | ) <br> ) <br> ) |
| *Plaintiffs*, | ) <br> ) |
| v. | ) No. 1:23-cv-01843-TSC <br> ) |
| ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, in his official capacity, et al., | ) <br> ) <br> ) <br> ) |
| *Defendants.* | ) <br> ) |

**PLAINTIFFS' UNOPPOSED[1] MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND TO FILE SUPPORTING EXHIBITS UNDER SEAL**

Contemporaneous with this motion, Plaintiffs have amended their Complaint to include five additional asylum seekers who have suffered past persecution and fear continued persecution in their countries of origin and in Mexico, which has been designated as a third country of removal or return for some. Like the original 13 individual plaintiffs, these five plaintiffs ("Amended Plaintiffs") fear that their persecution will become more severe if their identities and status as asylum applicants are publicly disclosed. Because of the "sensitive and highly personal" nature of their cases, they seek leave to proceed under the pseudonyms F.C., D.M., J.S., R.E., and S.U. *See Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). For the same reasons set forth in their original motion, ECF No. 4, Plaintiffs ask this Court to grant the Amended Plaintiffs leave to proceed under a pseudonym. Plaintiffs also respectfully move this Court for leave to file under seal Amended Plaintiffs' declarations in support of this motion, *see attached*

---

[1] Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel, who indicated that Defendants do not oppose the relief requested in this motion.

1

Exhibits, which contain their full names and sensitive, personal information about their asylum claims.

## I.     The Use of Pseudonyms Is Justified Here.

As set forth in the original motion, courts have the discretion to allow a plaintiff to proceed anonymously, *see United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995), and may do so when "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Chao*, 587 F. Supp. 2d at 99; *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). Applying a multi-factor test, *see* ECF No. 4 at 2–3 (citing *Chao*, 587 F. Supp. 2d at 99, and *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980)), courts in this District have exercised broad discretion to "allow plaintiffs to proceed under a pseudonym in cases involving matters of a sensitive and highly personal nature." *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014) (citing *Chao*, 587 F. Supp. 2d at 99); *see also Yaman v. U.S. Dep't of State*, 786 F.Supp.2d 148, 152–53 (D.D.C. 2011); *Doe v. Von Eschenbach*, No. 06-2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007).

As in the original motion, Amended Plaintiffs' claims are sensitive and highly personal. These asylum seekers face a significant risk of persecution—including possible physical harm or death—if their identities are publicly revealed through this lawsuit.

<u>Plaintiff F.C.</u> fled his country of Ecuador after he cooperated with a police investigation of the criminal organization called Los Lobos. In April 2023, after he worked with the police, F.C. was approached on the street about his cooperation, and his house was shot at by people yelling "snitch," causing him to flee. He faces danger in Mexico as well, because Los Lobos works closely with a cartel that operates in Mexico, Nueva Generación. F.C. is now facing imminent deportation to Ecuador despite his fear of persecution there.

<u>Plaintiff D.M.</u> was forced to flee his home in Venezuela after he was threatened and physically attacked by police and gang members. D.M. is involved in political movements seeking to change government leadership in Venezuela. To encourage change in his country, D.M. has participated in multiple marches and distributed flyers. At such events, he has been shot with tear gas and rubber bullets by the government. After fleeing in May 2023 and while traveling through Mexico, he was the victim of armed robbery and extortion. D.M. is now living in Monterrey, Mexico, where he was deported to despite his fear of persecution there and his home country.

<u>Plaintiff J.S.</u> is a woman from Ecuador who experienced persecution on the basis of her gender and membership in the indigenous Shuar community. She faced extreme discrimination, sexual abuse, assault, and overt racism. J.S. fled Ecuador after being found and attacked by one of her ex-partners. She tried to report him to the police but they refused to provide her a restraining order. J.S. sought safety in the United States because she is easily targeted in other countries, including Mexico, as a native Shuar speaker and migrant who does not speak Spanish well. J.S. is now facing imminent deportation to Ecuador despite her fear of persecution there.

<u>Plaintiff R.E.</u> is a Cuban asylum seeker who fled harm in that country. He sought asylum in Mexico prior to his entry into the United States, but was denied. Despite raising this at his credible fear interview, R.E. was deported to Mexico, where he recently received a document informing him that he has 15 days to leave that country despite having no safe place to go.

<u>Plaintiff S.U.</u> is a fisherman from Venezuela who fled after being threatened and beaten by corrupt members of the Venezuelan Coast Guard. S.U. and his family were targeted because of their unwillingness to pay extortion to the Venezuelan Coast Guard. He realized he had no choice but to flee for his safety after they killed one of his fishing partners. S.U. was robbed and kidnapped while traveling through Mexico to the United States. S.U. is now forced to stay in Mexico City despite his fears of persecution there and in his home country.

Amended Plaintiffs incorporate by reference the arguments made in the original motion explaining that public disclosure could result in physical or mental harm to them and their families; Defendants are government officials who will not be prejudiced by allowing plaintiffs to proceed pseudonymously; and the public interest will be served by protecting plaintiffs' identities. *See* ECF No. 4 at 3–10. In short, the relevant factors in this case weigh heavily in favor of allowing Amended Plaintiffs to proceed under pseudonyms. *See Chao*, 587 F. Supp. 2d at 99.

## II. Pseudonymous Amended Plaintiffs Should Be Permitted To File Their Declarations Under Seal in Support of This Motion

For the same reasons set forth in their original motion, Amended Plaintiffs satisfy the D.C. Circuit's test to justify filing their declarations under seal. *See* ECF No. 4 at 10–12 (applying test from *Hubbard*, 620 F.2d at 317–22).

## CONCLUSION

For the foregoing reasons, Amended Plaintiffs should be permitted to proceed in this suit under their proposed pseudonyms and to file their declarations in support of this motion under seal.

July 10, 2023

Katrina Eiland*
Cody Wofsy (D.D.C. Bar No. CA00103)
My Khanh Ngo*
Morgan Russell*
American Civil Liberties Union Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*keiland@aclu.org*
*cwofsy@aclu.org*
*mngo@aclu.org*
*mrussell@aclu.org*

Judy Rabinovitz**
Omar C. Jadwat*

s/ Keren Zwick

Keren Zwick (D.D.C. Bar. No. IL0055)
Richard Caldarone (D.C. Bar No. 989575)*
Mary Georgevich**
Mark Feldman**
National Immigrant Justice Center
224 S. Michigan Avenue, Suite 600
Chicago, IL 60604
(312) 660-1370
*kzwick@heartlandalliance.org*
*rcaldarone@heartlandalliance.org*
*mgeorgevich@heartlandalliance.org*
*mfeldman@heartlandalliance.org*

Melissa Crow (D.C. Bar. No. 453487)
Center for Gender & Refugee Studies

4

Lee Gelernt (D.D.C. Bar No. NY0408)
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*jrabinovitz@aclu.org*
*ojadwat@aclu.org*
*lgelernt@aclu.org*

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street, NW, 2nd floor
Washington, D.C. 20005
(202) 457-0800
*aspitzer@acludc.org*
*smichelman@acludc.org*

1121 14th Street, NW, Suite 200
Washington, D.C. 20005
 (202) 355-4471
*crowmelissa@uchastings.edu*

Anne Dutton\*\*
Center for Gender & Refugee Studies
200 McAllister Street
San Francisco, CA  94102
(415) 581-8825
*duttonanne@uchastings.edu*

*Attorneys for Plaintiffs*
*\*Appearing under certificate of pro bono representation*
*\*\*Certificate of pro bono representation forthcoming*

5

## CERTIFICATE OF SERVICE

I hereby certify on July 10, 2023, I electronically filed under seal the foregoing document, supporting exhibits and proposed order, with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel for Defendants in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system. I have also provided a copy of sealed documents to Defendants' counsel by emailing Erez Reuveni (Erez.R.Reuveni@usdoj.gov) and Christina Greer (Christina.P.Greer@usdoj.gov).

s/Keren Zwick
Keren Zwick
National Immigrant Justice Center
224 S. Michigan Avenue, Suite 600
Chicago, Illinois 60604