UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.A., et al.,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, in his official capacity, et al.,<br><br>   *Defendants*. | Civil Action No. 1:23-01843-TSC |

**UNOPPOSED MOTION OF THE OFFICE OF THE UNITED NATIONS HIGH COMMISSIONER FOR REFUGEES FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(o) and the Court's scheduling order (ECF No. 30), the Office of the United Nations High Commissioner for Refugees ("UNHCR") respectfully requests leave to file a brief as amicus curiae in support of Plaintiffs in the above-captioned case. In support of its motion, UNHCR states as follows:

1. UNHCR is the organization entrusted by the United Nations General Assembly with responsibility for providing international protection to refugees. *See* G.A. Res. 428(V), annex, UNHCR Statute ¶ 1 (Dec. 14, 1950). UNHCR has a direct interest in this matter, which requires the Court to consider the lawfulness of a substantial restriction of asylum access under U.S. law. Consistent with UNHCR's role and interest, the U.S. Supreme Court has recognized that UNHCR provides "significant guidance" in interpreting international refugee law and its incorporation into the domestic law of the United States. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 439 n.22 (1987).

2. UNHCR has a mandate to "[p]romot[e] the conclusion and ratification of international conventions for the protection of refugees" and to "supervis[e] their application and

propos[e] amendments thereto." UNHCR Statute ¶ 8(a). UNHCR's supervisory role is also expressly provided for in two refugee conventions that apply to the United States: the 1951 Convention Relating to the Status of Refugees ("1951 Convention"), July 28, 1951, 19 U.S.T. 6259, 189 U.N.T.S. 150, and the 1967 Protocol Relating to the Status of Refugees ("1967 Protocol"), Jan. 31, 1967, 19 U.S.T. 6223, 606 U.N.T.S. 267.

3. UNHCR exercises its supervisory responsibility, among other ways, by issuing interpretations of the 1951 Convention, the 1967 Protocol, and other international refugee instruments. It also regularly presents its guidance to national courts, including U.S. federal courts. This authoritative guidance is informed by UNHCR's more than seven decades of experience assisting refugees and supervising the treaty-based system of refugee protection.

4. UNHCR submits this brief out of concern that the rule at issue in this case, Circumvention of Lawful Pathways, 88 Fed. Reg. 31,314 (May 16, 2023) (the "Rule"), together with related expedited removal policies, restricts access to asylum in a way that violates international law. UNHCR has a strong interest in ensuring that U.S. asylum policy remains consistent with the international treaty obligations that the United States has assumed (and helped to create), and it respectfully seeks to offer its guidance on those obligations, which are directly relevant to the disposition of this case.[1]

5. In particular, UNHCR seeks to file a brief explaining that the Rule and related expedited removal policies are inconsistent with the international framework established in the 1951 Convention and the 1967 Protocol. The United States is bound by international treaty obligations related to refugees, including those enshrined in the 1967 Protocol, to which the United

---

[1] Consistent with its approach in other cases, UNHCR takes no position on the merits of the underlying asylum claims of any Individual Plaintiff or individual whom Organizational Plaintiffs serve.

States is formally a party, and the 1951 Convention, which is incorporated by reference in the 1967 Protocol.  Both treaties set forth core procedural and substantive rights and obligations that parties must uphold, which the U.S. Congress incorporated into domestic statutory law through the Refugee Act of 1980 ("Refugee Act"), Pub. L. No. 96-212, 94 Stat. 102.

6. The Rule adds a further hurdle to an already high standard for credible fear determinations, in conflict with international law.  This heightened standard will reduce access to asylum procedures for people in need of international protection.  In part as a consequence of the heightened standard, the Rule and related policies are inconsistent with the foundational principle of non-refoulement—the cornerstone of the 1951 Convention and the 1967 Protocol—which holds that refugees should not be returned to countries where they face serious threats to life or freedom.  In addition, the Rule conflicts with other fundamental principles of international law, including principles permitting the transfer of responsibility for asylum claims and the prohibition against penalties for irregular entry.  The Rule contains a number of exceptions and rebuttal provisions, but they do not cure these violations of international law.

7. UNHCR's position is not adequately presented by any party.  As the organization entrusted by the United Nations General Assembly with responsibility for providing international protection to refugees, UNHCR is uniquely situated to address international refugee law and its incorporation into the domestic law of the United States.  Indeed, the U.S. Supreme Court has recognized that UNHCR provides "significant guidance" on these matters.  *See, e.g.*, *Cardoza-Fonseca*, 480 U.S. at 429.

8. Granting UNHCR leave to file its amicus brief would not unduly delay the Court's ability to rule on any pending matter.  The parties to this action proposed, and the Court adopted,

a schedule in which motions for leave to file amicus briefs supporting Plaintiffs are due October 6, 2023.

9. Counsel for UNHCR contacted counsel for Plaintiffs and Defendants regarding this motion. Plaintiffs consented to the motion. Defendants stated that they consent to any amicus brief that is timely and properly filed.

10. UNHCR's proposed amicus brief is attached as Exhibit A.

11. The submission of this motion does not constitute a waiver, express or implied, of any privilege or immunity that UNHCR or its staff may enjoy under applicable international legal instruments or recognized principles of international law. *See* Convention on the Privileges & Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 1418, 1 U.N.T.S. 15.

For the foregoing reasons, UNHCR respectfully requests that its motion for leave to file the proposed amicus curiae brief be granted.  A proposed order is attached.

Dated:  October 6, 2023

Respectfully submitted,

*/s/ R. Reeves Anderson*
Robert Reeves Anderson (D.C. Bar No. 994989)
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202-2848
reeves.anderson@arnoldporter.com
(303) 863-1000
(303) 863-2301 (fax)

Alice Farmer*
Office of the United Nations High
    Commissioner for Refugees
1800 Massachusetts Avenue NW
Washington, DC 20036
farmera@unhcr.org
(202) 243-7621

*Motion for admission *pro hac vice* forthcoming

Samuel M. Witten (D.C. Bar No. 378008)
Kaitlin Konkel (D.C. Bar No. 1021109)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000

## CERTIFICATE OF SERVICE

      I hereby certify that, on October 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                                  */s/ R. Reeves Anderson*
                                                  Robert Reeves Anderson