**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.A., et al., | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) No. 1:23-cv-01843-TSC |
| | ) |
| ALEJANDRO MAYORKAS, Secretary of | ) |
| Homeland Security, in his official capacity, et al., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |

## JOINT NOTICE REGARDING SUMMARY JUDGMENT BRIEFING

Plaintiffs and Defendants, by and through undersigned counsel, hereby submit the following notice pursuant to the Court's Minute Order dated October 4, 2023.

1. On October 4, 2023, the Court granted the parties' joint motion to hold certain claims in abeyance. *See* ECF No. 38. The Court directed the parties "to file a Notice clearly laying out the counts, or, if a count is partially held in abeyance, the remaining portion of that count, to be resolved on Plaintiffs' 37 Motion for Summary Judgment."

2. The following counts in the amended complaint are addressed in Plaintiffs' Motion for Summary Judgment and may be resolved in full based on that motion and Defendants' forthcoming cross-motion: Counts One, Seven, Eight, Nine, and Ten.

3. In addition, Plaintiffs' motion addresses, and the Court may resolve based on the cross-motions, Count Three, except for "the arbitrary-and-capricious theories adopted by the district court in *East Bay Sanctuary Covenant v. Biden*," October 4 Minute Order, which have been held in abeyance. *See* Mot. for Summ. Jdgt., ECF No. 37 at 15-30 (Plaintiffs' arbitrary-and-capricious claims regarding the Rule, 88 Fed. Reg. 31,314 (May 16, 2023), that are not held in abeyance).

4.  Plaintiffs' motion also addresses, and the Court may resolve based on the cross-motions, Counts Five and Six "insofar as they challenge the length of the consultation period for credible fear interviews."  October 4 Minute Order; *see* Mot. for Summ. Jdgt., ECF No. 37 at 37-40. Insofar as Counts Five and Six challenge a "CBP Custody Policy" or holding individuals in U.S. Customs and Border Protection (CBP) custody during the pendency of their credible fear interviews or the use of CBP facilities to conduct credible fear interviews, these challenges are held in abeyance. *See* ECF No. 30 ¶ 2.

5.  Finally, Plaintiffs' motion addresses, and the Court may resolve based on the cross-motions, Count Thirteen except to the extent it challenges the use of CBP facilities to conduct credible fear interviews or the use of USCIS employees who are not asylum officers to conduct credible fear interviews.  *See* ECF No. 30 ¶ 2.

Dated: October 11, 2023

Respectfully submitted,

/s/ Cody Wofsy
Cody Wofsy
American Civil Liberties Union,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0785
cwofsy@aclu.org

*Attorney for Plaintiffs*

/s/ Erez Reuveni
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

*Attorney for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 11, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: *<u>/s/ Erez Reuveni</u>*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division