BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov
PATRICK GLEN
CHRISTINA P. GREER
*Senior Litigation Counsel*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| M.A., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:23-cv-01843-TSC |
| Alejandro Mayorkas, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS AND MOTION TO STRIKE EXTRA-RECORD EVIDENCE**

**INTRODUCTION**

With their Motion for Summary Judgment, Dkt. 37, Plaintiffs filed a Statement of Undisputed Material Facts ("SUF"), Dkt. 37-1.  Because Plaintiffs' challenges all arise under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, Plaintiffs' SUF is improper under LCvR 7(h).  Defendants dispute Plaintiffs' SUF through the statement of facts in their Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment (ECF 53) ("cross motion") and otherwise submit that the Court should disregard it.  Furthermore, in their SUF, Plaintiffs rely on extra-record evidence without explanation, which is improper in APA cases.  The Court should strike this extra-record evidence to the extent Plaintiffs rely upon it to argue that the challenged agency actions violate the APA.  Finally, in support of their Cross Motion, Defendants submit evidence that refutes Plaintiffs' improper extra-record evidence on several points and that is permissible extra-record evidence relating to standing, mootness, and the appropriate remedy in any event.

**DISCUSSION**

**I.  The Court Should Disregard Plaintiffs' SUF as it is Contrary to the Court's Rules for APA Cases**

Along with their motion for summary judgment, Plaintiffs submitted their SUF raising various purported "undisputed facts."  Plaintiffs invoke LCvR 7(h), treating this case as a civil action that has proceeded to summary judgment after discovery.  But no discovery has been conducted in this case, and thus there are no "parts of the record" to which Plaintiffs can credibly refer in their statement of material facts.  *See* LCvR 7(h)(1) (referring to "a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement").  Rather, this is a case seeking review of substantive agency action under the APA where the Local Rules instead require

the parties to "provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion." LCvR 7(n)(1).

Furthermore, in an APA case, summary judgment "serves as the mechanism for deciding, as a matter of law, whether agency action is . . . consistent with the APA standard of review." *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006) (citing *Richards v. INS*, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977)). Accordingly, when, as here, a party seeks review of agency action under the APA, "the usual summary judgment standard does not apply and "the district judge" instead "sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). There is no factual "record" in such a case, other than the administrative record before the agency. *See, e.g.*, *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made.").

"Statements of fact" under LCvR 7(h)(1) are thus improper in APA record-review cases. *See, e.g.*, *Koretoff v. Vilsack*, 841 F. Supp. 2d 1, 5 (D.D.C. 2012) (Huvelle, C.J.) *aff'd*, 707 F.3d 394 (D.C. Cir. 2013) ("Defendant is correct in arguing that plaintiffs' submission was improper"); *Davis v. Pension Ben. Guar. Corp.*, 815 F. Supp. 2d 283, 292 (D.D.C. 2011) (Kennedy, J.) ("Plaintiffs' motion cites extensively to the attached statement of material facts not in genuine dispute, which does not belong in an administrative record case."); *accord Gore v. D.C.*, 67 F. Supp. 3d 147, 151 (D.D.C. 2014) (Rothstein, J.) ("Contrary to Plaintiff's contention, parties are not required to submit a statement of undisputed materials facts in cases where 'judicial review is based solely on the administrative record.'"). Rather, pursuant to LCvR 7(h)(2) "[i]n such cases, motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record." *See IMS, P.C.*, 129 F.3d at 623; *see also, e.g., E.W.-G. v.*

2

*D.C.*, No. CV 20-2806 (CKK), 2023 WL 2598680, at *2 n.2 (D.D.C. Mar. 22, 2023) ("[T]he requirement under subsection (h)(1) to submit a statement of undisputed material facts for or in opposition to summary judgment 'shall not apply to cases in which judicial review is based solely on the administrative record [but instead], [i]n such cases, motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record.' LCvR 7(h)."); *Bellion Spirits, LLC v. United States*, --- F. Supp. 3d ---, 2018 WL 4637013, *7 (D.D.C. Sept. 27, 2018) (Boasberg, J.) ("when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record, that challenge must be judged on the record before the agency."). The Comment to LCvR 7(h) recognizes precisely this point:

> This provision recognizes that in cases where review is based on an administrative record the Court is not called upon to determine whether there is a genuine issue of material fact, but rather to test the agency action against the administrative record. As a result, the normal summary judgment procedures requiring the filing of a statement of undisputed material facts is not applicable.

Comment to LCvR 7(h). And where, as here, Plaintiffs fail to adhere to this rule, for example, by citing extra-record materials or litigation documents that are not themselves the administrative record, the Defendants' statement of facts consistent with LCvR 7(h)(2) "will be considered undisputed, insofar as it is supported by the Administrative Record." *Kight v. U.S.*, 850 F. Supp. 2d 165, 170 (D.D.C. 2012) (Rothstein, J.), *aff'd*, No. 12-5167, 2013 WL 1164035 (D.C. Cir. Mar. 1, 2013).

Therefore, Plaintiffs' SUF is improper, the Court should not consider it, and Defendants' statement of facts in their cross motion should be considered undisputed. *See, e.g.*, *Koretoff*, 841 F. Supp. 2d at 5; *Davis*, 815 F. Supp. 2d at 292; *Gore*, 67 F. Supp. 3d at 151; *see also Moradnejad v. District of Columbia*, 177 F. Supp. 3d 260, 263 (D.D.C. 2016) ("Plaintiffs . . . submitted

statements of fact in conjunction with their motions for summary judgment. Those statements are not controlling in a case like this one, where review is based solely on the administrative record."). Moreover, Defendants need not respond to it paragraph by paragraph. Rather, consistent with LCvR 7(h)(2), the Defendants' opening brief "include[s] a statement of facts with references to the administrative record." Even so, Defendants do address many of Plaintiffs' contentions in their cross motion.

## II.     Plaintiffs' Citations to Extra-Record Evidence Should Be Disregarded

Plaintiffs improperly rely on extra-record evidence in this APA suit, and such citations should be disregarded. Plaintiffs here invoke the APA to challenge multiple agency actions. *See* Compl. ¶¶ 133-76. It is well-settled in this Circuit that where Plaintiffs raise an APA claim, review is limited to the administrative record as certified by the agency. *See, e.g.*, *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013). "[A]nd the compiled record is entitled to a strong presumption of regularity." *Beyond Nuclear v. U.S. Dep't of Energy*, 233 F. Supp. 3d 40, 48 (D.D.C. 2017) (Chutkan, J.) (internal quotation omitted); *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity") (internal quotation omitted). "When, as here, a party seeks to add materials to the record that it does not contend the agency actually reviewed, courts only permit such additional extra-record evidence in three 'unusual circumstances.'" *Beyond Nuclear*, 233 F. Supp. 3d at 48 (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)). These circumstances include "(1) when 'the agency deliberately or negligently excluded documents that may have been adverse to its decision,' (2) when 'background information [is] needed to determine whether the agency considered all the relevant factors," and (3) when 'the agency failed to explain administrative action so as to frustrate judicial review.'" *Id.* (quoting *City of Dania Beach v. F.A.A.*, 628 F.3d

4

581, 590 (D.C. Cir. 2010)); *see also Level the Playing Field v. Fed. Election Comm'n*, 381 F. Supp. 3d 78, 89 (D.D.C. 2019), *aff'd*, 961 F.3d 462 (D.C. Cir. 2020) (Chutkan, J.). Plaintiffs' attempt to supplement the record *sub silentio* should be rejected.

First, Defendants undertook good-faith negotiations with Plaintiffs' counsel, which led to a jointly stipulated schedule for resolving any record disputes, which the Court approved. *See* Dkt. 30 ¶ 4. Plaintiffs did not challenge the administrative records or ask to supplement. Plaintiffs also have not moved to supplement the record. Rather, without explanation, Plaintiffs have submitted and rely on sixteen declarations (Dkt. 4-2 to 4-14; Dkt. 37-2 to 37-4) and several other non-record documents (Dkt. 37-2 at 11–29, 48, 50, 52–53, 55–56), including an advisory opinion from the United Nations High Commissioner for Refugees ("UNHCR"). Given that this is an APA case and given that Plaintiffs failed to timely challenge the records or otherwise explain their reliance on extra-record evidence, the Court should disregard such evidence.

More specifically, the Court should strike the declarations at Dkt. 4-2 to 4-14 and 37-2 to 37-4 to the extent Plaintiffs rely on them to argue that the agency actions under review violate the APA. For example, at SUF ¶ 186, Plaintiffs rely on Dkt. 37-4 ¶ 30 to claim that an organizational plaintiff "must also prepare clients to overcome the Rule's bar on the merits, without the benefit of the significant possibility standard." This statement should be struck to the extent it is relied on for any issue other than standing. Similarly, at Dkt. 37-2 at 11–29, Plaintiffs submitted an advisory opinion from UNHCR to support their argument that the "likelihood of chain refoulement following removal to a third country is an important consideration." Mot. 36. Such document should be struck for all purposes.

Second, even were it procedurally proper to consider Plaintiffs' late efforts to augment the records in this case, the Court should deny the request because Plaintiffs have not moved to supplement and have not made any showing that the grounds for supplementation listed above

exist or that their extra-record evidence is permissible for any other reason. And because Plaintiffs have not made any such showing, Defendants do not here endeavor to explain why such a showing would not be possible in any event. Should Plaintiffs—inappropriately and out of time in Defendants' view—do so at a later time, Defendants will respond accordingly at that time.

**III.     Defendants' Additional Evidence Is Proper**

Along with their cross motion, Defendants submit evidence that is not part of the administrative records but that is nevertheless proper for the Court to consider because it relates to the appropriate remedy, mootness, and standing, which are non-merits issues to which the record-review rule does not apply. *See Pub. Emps. for Env't Resp. v. United States Fish & Wildlife Serv.*, 189 F. Supp. 3d 1, 4–5 (D.D.C. 2016) (considering external declarations regarding whether vacatur is the appropriate remedy); *Prairie Band Potawatomi Nation v. Yellen*, 63 F.4th 42, 46 (D.C. Cir. 2023) (considering extra-record evidence of mootness, noting "evidence demonstrating mootness will almost necessarily post-date the administrative record in any given case"); *Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002) (requiring extra-record evidence "[w]hen the petitioner's standing is not self-evident").  In particular, Defendants submit five documents the Court should consider for the reasons provided below.

*First*, attached to their cross motion, the Departments submit three declarations: (1) the declaration of Blas Nuñez-Neto, Assistant Secretary for Border and Immigration Policy, at Exhibit A ("Nuñez-Neto Declaration"); (2) the Declaration of Kenneth Blanchard, Deputy Directorate Chief, Strategic Planning and Analysis Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, at Exhibit B ("Blanchard Declaration"); and (3) the declaration of Mallory Lynn, Asylum Officer within the Operations Branch at Asylum Division Headquarters within U.S. Citizenship and Immigration Services at Exhibit C ("Lynn Declaration").  The Nuñez-Neto declaration includes information relevant to the Departments' arguments regarding harms to the

Government if the Rule is vacated, rather than remanded without vacatur, and may properly be considered for that reason. It also addresses facts relating to standing and mootness, as do the Blanchard and Lynn Declarations.

*Second*, attached to the Lynn Declaration at Exhibit 1 are training materials implementing the Rule at issue here: *Circumvention of Lawful Pathways*, 88 Fed. Reg. 31,314 (May 16, 2023). This is submitted to respond to Plaintiffs' assertion, purportedly in support of standing, at SUF ¶ 186 that "Las Americas must also prepare clients to overcome the Rule's bar on the merits, without the benefit of the significant possibility standard." As discussed in Defendants' cross-motion, Cross-Mot. 29–31, page 15 of the submitted training materials show that asylum officers are indeed instructed that the "standard of proof for determining if the noncitizen is subject to the [Rule] or if the noncitizen has established an exception or rebutted the presumption depends upon the type of adjudication" and that for credible fear determinations the inquiry is whether there is a "[s]ignificant possibility that the noncitizen could establish that they are not subject to the CLP or that they could establish an exception or rebut the presumption in a full hearing." Lynn Declaration Exhibit 1 at 15.

*Third*, attached to the Lynn Declaration, the Departments submit two documents relating to the voluntary withdrawal guidance: (1) Lynn Declaration Exhibit 2 is the Circumvention of Lawful Pathways (CLP) & Voluntary Withdrawal of Admission Step-by-Step Guide, as revised on June 11, 2023; and (2) Lynn Declaration Exhibit 3 is the Voluntary Withdrawal of Admission Script, as revised on June 11, 2023. These two documents show that Plaintiffs' claims relating to USCIS's earlier voluntary withdrawal guidance, *see* Mot. 40–42, are moot, as discussed in Defendants' cross-motion, *see* Cross-Mot. 22–23.

Given that these documents relate to mootness and standing, the Court may consider them.

## **CONCLUSION**

For the reasons stated above, the Court should disregard Plaintiffs' SUF and citations to extra-record evidence, strike Plaintiffs' extra-record evidence to the extent it is relied upon to argue that the actions under review violate the APA, and consider the additional documents submitted by Defendants relating to the appropriate remedy, standing, and mootness.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    WILLIAM C. PEACHEY
    Director

By: /s/ *Erez Reuveni*
    EREZ REUVENI
    Assistant Director
    Office of Immigration Litigation
    U.S. Department of Justice, Civil Division
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Tel: (202) 307-4293
    Email: Erez.R.Reuveni@usdoj.gov

    PATRICK GLEN
    CHRISTINA P. GREER
    Senior Litigation Counsel

Dated: October 27, 2023    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

         By: */s/ Erez Reuveni*
           EREZ REUVENI
           Assistant Director
           United States Department of Justice
           Civil Division