IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.A., et al., | ) <br> ) <br> ) <br> ) |
| *Plaintiffs*, | ) <br> ) |
| v. | No. 1:23-cv-01843-TSC |
| ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, in his official capacity, et al., | ) <br> ) <br> ) <br> ) |
| *Defendants*. | ) <br> ) <br> ) |

**REPLY TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS AND OPPOSITION TO MOTION TO STRIKE EXTRA-RECORD EVIDENCE**

## INTRODUCTION

Defendants ask the Court to (1) disregard Plaintiffs' statement of undisputed facts and instead consider Defendants' account of the facts "undisputed"; (2) disregard Plaintiffs' declarations and other evidence "to the extent Plaintiffs rely on them to argue that the agency actions under review violate the APA"; and (3) consider the extra-record evidence Defendants submitted. Resp. 1, 3, 5.[1] Defendants' first two requests should be rejected in full, and the third in part.

## ARGUMENT

### I.  PLAINTIFFS' SUF WAS PROPER.

As a threshold matter, Defendants complain that Plaintiffs' SUF violated this Court's rules, specifically LCvRs 7(h) and 7(n). Resp. 1-2. But Rule 7(h)(1) provides that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts," so Plaintiffs submitted one. While Rule 7(h)(2) provides an exception for "cases in which judicial review is based solely on the administrative record," this suit is not based "*solely*" on the administrative record.

To take the most obvious example, Plaintiffs' standing is not apparent from the administrative record Defendants have produced. Defendants concede that extra-record evidence may be considered for various "non-merits issues" including standing, and have submitted their own such evidence. Resp. 6; *see Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002). Indeed, standing will rarely be supported by the record in cases challenging general policies. By contrast, Rule 7(h)(2) more clearly applies to administrative law cases challenging *individualized* agency determinations—as many of Defendants' cited cases do—where standing will be apparent from

---

[1] In this brief, "Resp." refers to Defendants' Response to Plaintiffs Statement of Material Facts, ECF No. 54; "MSJ" refers to Plaintiffs' Motion for Summary Judgment, ECF No. 37; and "SUF" refers to Plaintiffs' Statement of Undisputed Material Facts, ECF No. 37-1.

1

the record. *See Kight v. United States*, 850 F. Supp. 2d 165, 169 (D.D.C. 2012), *aff'd,* No. 12-5167, 2013 WL 1164035 (D.C. Cir. Mar. 1, 2013) (challenge to military discharge determination); *E.W.-G. v. D.C.*, No. CV 20-2806 (CKK), 2023 WL 2598680, at *1 (D.D.C. Mar. 22, 2023) (challenge to educational administrative hearing); *Gore v. D.C.*, 67 F. Supp. 3d 147, 149 (D.D.C. 2014) (same). And, as is apparent from Defendants' own arguments, standing and other threshold questions based on the plaintiffs' individual circumstances can be factually disputed—so Rule 7(h)'s commentary that in non-SUF cases "the Court is not called upon to determine whether there is a genuine issue of material fact" appears inapplicable. Comment to LCvR 7(h); Resp. 3, 6.

Plaintiffs acknowledge that a case like this one may be deemed to fall within Rule 7(h)(2)'s exception, but, recognizing the lack of clarity, Plaintiffs provided a SUF and cited both Rule 7(h) and Rule 7(n) in the abundance of caution. SUF at 1. If that choice was incorrect, it was obviously harmless—and Defendants do not try to claim any prejudice. *See Robertson v. American Airlines, Inc.*, 239 F. Supp. 2d 5, 9 (D.D.C. 2002) (even where court found statement failed to comply with rule requiring SUF, it "decline[d] to adopt the plaintiff's suggestion of striking the statement"). The Court's review is the same with or without the SUF, so it may rely on the SUF as a matter of convenience.

Defendants do not cite a single case to support their remarkable claim of entitlement to have *their* version of facts deemed "undisputed." Resp. 3. To the contrary, their cases support the commonsense understanding that, if a SUF is unnecessary, the Court may simply examine the administrative record and any permissible extra-record evidence to decide the case. *See Moradnejad v. D.C.*, 177 F. Supp. 3d 260, 263 n.2 (D.D.C. 2016). And their only case cited for this point, *Kight*, is entirely different. There the plaintiff sought to rely on his *complaint* for factual support, even though the complaint, in turn, did not cite the administrative record. 850 F. Supp. 2d

2

at 169-170. Even then, the Court deemed the government's statement of facts undisputed *only* "insofar as it [wa]s supported by the Administrative Record." *Id*. Here, by contrast, Plaintiffs supported every assertion with citations, and relied extensively on specific portions of the administrative record. *See generally* SUF. The government's extraordinary proposal for handling what is at most a good-faith disagreement about the interpretation of the local rule is thus disproportionate and inappropriate.

## II.     PLAINTIFFS' EXTRA-RECORD EVIDENCE IS PROPER.

Next, Defendants urge the Court to disregard Plaintiffs' extra-record evidence, arguing that the Court may not consider it and instead suggesting that Plaintiffs committed a procedural error. Resp. 4-6. Those arguments likewise lack merit.

*First*, as noted, Defendants concede that extra-record evidence may be considered for various "non-merits issues to which the record review rule does not apply," including "the appropriate remedy, mootness, and standing." Resp. 6. Overwhelmingly, Plaintiffs' citations to extra-record evidence in their SUF are to portions of the Individual and Organizational Plaintiffs' own declarations laying out their experiences with the Rule and collateral policies, as well as certain immigration forms from the Individual Plaintiffs' cases, *see* SUF ¶¶ 55-205; ECF No. 37-2 Exs. F, G, I. Plaintiffs' declarations are entirely proper evidence as to standing, the equities, Defendants' various threshold arguments, and any other non-merits issue, as are the other documents relating to the plaintiffs' factual circumstances. There is accordingly no basis to disregard that evidence bearing, for example, on the harms caused by these policies as relevant to the appropriate remedies. *See* MSJ 8-9, 42-43 & n.8.

*Second*, even as to the merits, Defendants offer no basis to disregard any extra-record evidence. They point to only two specific examples of what they consider inappropriate reliance

3

on extra record evidence. Resp. 5. But the UNHCR document they object to actually *was* referred to in the administrative record; indeed, the quote that Plaintiffs referenced from the document was included in a comment to the Rule. *Compare* CLP_PC_31851-52, *with* MSJ 36. They also point to a statement in Organizational Plaintiff Las Americas' declaration. Resp. 5, 7. The purportedly offending paragraph of the SUF states that the Rule "requires Las Americas staff to change their pre-CFI consultations" by, among other things, requiring it to "prepare clients to overcome the Rule's bar on the merits, without the benefit of the significant possibility standard." SUF ¶ 186. That statement makes a clear reference to Las Americas' diversion of resources and was offered to show standing. Plaintiffs never relied on that statement in the declaration or SUF for their *merits* arguments. So there is nothing to disregard.

Defendants make no showing that any of the handful of other citations to SUF paragraphs relying on extra-record materials cited in Plaintiffs' summary judgment merits arguments were inappropriate. *See* Resp. 4-5 (acknowledging rule is subject to exceptions); *see also Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers,* 448 F. Supp. 2d 1, 6 (D.D.C. 2006) ("Consideration of extra-record information is appropriate when simply reviewing the administrative record is not enough to resolve the case."). Defendants urge the Court to disregard the Plaintiffs' declarations as to the merits, but Plaintiffs brief explained that, for example, the 24-hour CFI policy "must be understood in context" given the "highly restrictive" conditions in CBP custody, which represent an "important aspect of the problem" the agencies were required to consider. MSJ 37-39 (citing plaintiffs' declarations). Defendants concede that extra-record evidence may be considered when, among other things, "background information is needed to determine whether the agency considered all the relevant factors." Resp. 4 (cleaned up); *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010). Other examples from the individual

4

plaintiffs' circumstances are merely illustrative, helping to show how the *record-based* legal flaws in these policies impact actual noncitizens. *See* MSJ 19, 27, 35-36; *Latin Americans for Soc. & Econ. Dev. v. Adm'r of Fed. Highway Admin.*, 858 F. Supp. 2d 839, 842 (E.D. Mich. 2012), *aff'd*, 756 F.3d 447 (6th Cir. 2014) (noting extra-record document "used for illustrative purposes").[2]

*Third*, Defendants' suggestion of procedural impropriety is baseless. Resp. 5-6. The parties' stipulation provided for Plaintiffs to "lodge any objections *to the administrative record*." ECF No. 30 (emphasis added). But Plaintiffs have raised no objection *to the record*. Rather, they have relied on well-established exceptions permitting the Court to examine evidence *outside* the record. Nor can Defendants identify any authority supporting the notion that Plaintiffs had to "explain their reliance on extra-record evidence" outside of this response. Resp. 5; *cf. IMS, P.C. v. Alvarez*, 129 F.3d 618, 624 (D.C. Cir. 1997) (addressing similar issues presented on a motion to strike).

### III. SOME OF DEFENDANTS' EXTRA-RECORD EVIDENCE IS IMPROPER.

Plaintiffs have no objection to the Court's consideration of Defendants' evidence for non-merits issues. Resp. 6-7. However, Defendants improperly rely on Exhibits 1 and 2 of the Lynn Declaration for their APA merits argument. ECF No. 53 at 31. They do not suggest that any of the established exceptions applies. Rather, they attempt to justify this extra-record evidence as a "respon[se]" to the statement in Las Americas' declaration discussed above. Resp. 7. But, as explained, Plaintiffs never relied on that statement for any merits argument. It is thus very difficult to see why Defendants believe they should be permitted to do so. The Court should decline to consider those documents for any merits purpose.

---

[2] The only remaining document Defendants object to, Resp. 5, is a prior CBP policy statement, ECF No. 37-2 Ex. H. Plaintiffs submitted that evidence to show a change in policy, which is a permissible use. *See Grace v. Whitaker*, 344 F. Supp. 3d 96, 113 (D.D.C. 2018).

5

| | |
|---|---|
| Dated: November 17, 2023 | Respectfully submitted, |
| | |
| Keren Zwick (D.D.C. Bar. No. IL0055) | */s/ Cody Wofsy* |
| Richard Caldarone (D.C. Bar No. 989575)* | Cody Wofsy (D.D.C. Bar No. CA00103) |
| Mary Georgevich* | Katrina Eiland* |
| Mark Feldman* | My Khanh Ngo* |
| National Immigrant Justice Center | Morgan Russell* |
| 224 S. Michigan Avenue, Suite 600 | American Civil Liberties Union Foundation |
| Chicago, IL 60604 | Immigrants' Rights Project |
| (312) 660-1370 | 39 Drumm Street |
| *kzwick@heartlandalliance.org* | San Francisco, CA 94111 |
| *rcaldarone@heartlandalliance.org* | T: (415) 343-0770 |
| *mgeorgevich@heartlandalliance.org* | F: (415) 395-0950 |
| *mfeldman@heartlandalliance.org* | *cwofsy@aclu.org* |
| | *keiland@aclu.org* |
| Melissa Crow (D.C. Bar. No. 453487) | *mngo@aclu.org* |
| Center for Gender & Refugee Studies | *mrussell@aclu.org* |
| 1121 14th Street, NW, Suite 200 | |
| Washington, D.C. 20005 | Noor Zafar* |
| (202) 355-4471 | Sidra Mahfooz* |
| *crowmelissa@uclawsf.edu* | Judy Rabinovitz* |
| | Omar C. Jadwat* |
| Anne Dutton* | Lee Gelernt (D.D.C. Bar No. NY0408) |
| Center for Gender & Refugee Studies | American Civil Liberties Union Foundation |
| 200 McAllister Street | Immigrants' Rights Project |
| San Francisco, CA 94102 | 125 Broad Street, 18th Floor |
| (415) 581-8825 | New York, NY 10004 |
| *duttonanne@uclawsf.edu* | T: (212) 549-2660 |
| | F: (212) 549-2654 |
| | *nzafar@aclu.org* |
| | *smahfooz@aclu.org* |
| | *jrabinovitz@aclu.org* |
| | *ojadwat@aclu.org* |
| | *lgelernt@aclu.org* |
| | |
| | Arthur B. Spitzer (D.C. Bar No. 235960) |
| | Scott Michelman (D.C. Bar No. 1006945) |
| | American Civil Liberties Union |
| | Foundation of the District of Columbia |
| | 915 15th Street, NW, 2nd Floor |
| | Washington, D.C. 20005 |
| | (202) 457-0800 |
| | *aspitzer@acludc.org* |
| | *smichelman@acludc.org* |
| | |
| *Appearing under certificate of pro bono representation* | *Attorneys for Plaintiffs* |

6

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2023, I electronically filed the foregoing with the Clerk for the United States District Court District of Columbia by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

<u>/s/ Cody Wofsy</u><br>
Cody Wofsy