BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ R. REUVENI
Counsel
CHRISTINA P. GREER
*Senior Litigation Counsel*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8770
Email: Christina.P.Greer@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| M.A., *et al.*, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Civil Action No. 1:23-cv-01843-TSC |
|  | ) |
| Alejandro Mayorkas, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO STRIKE EXTRA-RECORD EVIDENCE

## **INTRODUCTION**

Plaintiffs challenge agency action under ordinary principles of record review. In this Circuit, it is blackletter law "that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made." *See, e.g.*, *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997). Notwithstanding the clear import of this Circuit's record rule, in moving for summary judgment, Plaintiffs unilaterally submitted and relied on evidence that is not in the administrative record. And although there are limited exceptions to that rule, including certain motions to complete or supplement the record, Plaintiffs have not availed themselves of such motions, let alone made the heightened showings necessary to invoke these exceptions, for example bad faith on the part of the government. Indeed, the Court set a deadline for the parties to resolve record disputes. Plaintiffs elected not to raise their extra-record evidence. Accordingly, the Departments have moved to strike Plaintiffs' extra-record evidence and "Statements of Undisputed Fact" to the extent they bear on merits issues. Gov't Mot., Dkt. 54.

In response, Plaintiffs freely acknowledge that the evidence they rely on is outside of the administrative record. Pls.' Opp. 3, Dkt. 56 (referring to the evidence in dispute as "extra-record," and not arguing to the contrary). However, they appear to assert that they are exempt from the record rule and may supplement the administrative record at will, neither acknowledging the record rule nor their obligation to receive leave of Court to introduce extra-record materials after the Court entered a schedule to address the scope of the record and for briefing summary judgment based on that record.

The Departments continue to urge the Court to strike Plaintiffs' extra-record evidence to the extent Plaintiffs rely upon it to argue that the challenged agency actions violate the Administrative Procedure Act ("APA"); disregard Plaintiffs' Statement of Undisputed Material Facts ("SUF"), Dkt. 37-1, to the extent it relied on such evidence; and consider the Departments'

extra-record evidence submitted to address standing, mootness, and the appropriate remedy.

## DISCUSSION

I. **The Court Should Strike Plaintiffs' Extra-Record Evidence and Statements Relying on It.**

Plaintiffs concede that much of the evidence they rely on in their SUF is outside the administrative record, *see generally* Pls.' Opp., but their arguments that their belated efforts to augment the record were procedurally proper and that they have made the required showings to permit the Court to consider such evidence are unavailing.

Plaintiffs are correct that evidence outside the administrative record may be considered to the extent it relates to Article III jurisdiction and the appropriate remedy. *See* Pls.' Opp. 3. But Plaintiffs admit that not all of their extra-record evidence is submitted for these limited purposes, Pls.' Opp. 3–4, and some of Plaintiffs' evidence plainly exceeds the scope of these exceptions. Specifically, the Court should strike the declarations at Dkt. 4-2 to 4-14 and 37-2 to 37-4 to the extent Plaintiffs rely on them to argue that the agency actions under review violate the APA. For example, at SUF ¶ 186, Plaintiffs rely on Dkt. 37-4 ¶ 30 to claim that an Organizational Plaintiff "must also prepare clients to overcome the Rule's bar on the merits, without the benefit of the significant possibility standard." This statement should be struck to the extent it is relied on for any issue other than standing. Similarly, at Dkt. 37-2 at 11–29, Plaintiffs submitted an advisory opinion from UNHCR to support their argument that the "likelihood of chain refoulement following removal to a third country is an important consideration." Pls.' Mot. for Summ. J. 36. Plaintiffs claim that this was cited in one comment, Pls.' Opp. 4 (citing CLP_PC_31851-52), but they do not claim that the *document* was before the Departments or why submission of the document is otherwise justified. As discussed below, by submitting that document, Plaintiffs attempted to supplement the record without following the proper procedures or making the

2

requisite showing. Thus, the document should be struck for all purposes.

Record review is "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Put differently, "[t]he Court's function in administrative-law cases is solely 'to determine whether or not as a matter of law the *evidence in the administrative record* permitted the agency to make the decision it did.'" *Otsuka Pharm. Co. v. Burwell*, 302 F. Supp. 3d 375, 389 (D.D.C. 2016) (emphasis added), *aff'd sub nom. Otsuka Pharm. Co. v. Price*, 869 F.3d 987 (D.C. Cir. 2017) (quoting *ViroPharma, Inc. v. Hamburg*, 916 F. Supp. 2d 76, 79 (D.D.C. 2013)).

Plaintiffs do not address the record rule in their opposition and apparently contend that any extra-record evidence they seek to rely on may be considered without establishing an exception. But that is not the case. "Supplementing administrative records in APA cases"—what Plaintiffs have tried to do here as a matter of course—"is the exception, not the rule." *Safari Club Int'l v. Jewell*, 111 F. Supp. 3d 1, 4 (D.D.C. 2015); *accord Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095, 1104 n.18 (D.C. Cir. 1979). Plaintiffs attempt to circumvent this principle by placing the onus on the government to object to their evidence rather than moving the Court to consider such evidence and making a showing as to an exception.

Indeed, it is not clear what Plaintiffs' extra-record evidence is introduced to support. *See generally* Pls.' Opp. But the evidence appears to be an attempt to improperly and belatedly "supplement" the record—adding new evidence not considered by the decisionmaker. *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2564, 2574 (2019) (so employing this terminology); *Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 345 F. Supp. 3d 1, 9 (D.D.C. 2018) ("Supplementation involves the addition of newly created evidence or of documents that were not before the agency when the decision was made, but should have been; supplementation generally requires a showing that an exception to the record rule applies."). Specifically, the evidence

3

Plaintiffs seek to introduce comes from outside the administrative record, and they do not allege that the Departments actually considered these materials in promulgating the Rule or Procedures. Accordingly, Plaintiffs' submissions are an attempt to supplement the record.

Because record supplementation is "the exception, not the rule," *Safari Club Int'l*, 111 F. Supp. 3d at 4, Plaintiffs must demonstrate that their evidence meets an exception to the default rule that judicial administrative review is based solely on the record presented by the agency. The Court should strike their evidence because Plaintiffs failed to move to supplement the record and establish that an exception exists. *See CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014) ("Here, CTS did not even move to supplement the record. . . . Instead, CTS simply attached the new evidence to its brief . . . ."). This alone is grounds for the Court to strike their evidence. *See id.* at 65 ("[The petitioner] opt[ed] instead for an end run around the agency's substantive geological judgments in this court. We cannot provide such administrative consideration of its arguments and evidence in the first instance.").

Plaintiffs also failed to comply with the Court's scheduling order (Dkt. 30), which set forth deadlines for resolving record disputes. Plaintiffs claim they did not have to abide by that stipulated schedule because they do not "object" to the administrative record itself, Pls.' Opp. 5, but the schedule set forth a process for the parties to address "any dispute" regarding the record, Dkt. 30 at 2. And their attempt to claim that their evidence is "extra-record" and thus not part of the administrative record, *see* Pls.' Opp. 3–5, makes a distinction without a difference where they clearly seek to supplement the record, as discussed above.

In the event the Court does not strike Plaintiffs' extra-record evidence due to their failure to file a motion for the Court to consider it, the Court should still reject Plaintiffs' evidence on the merits. "Exceptions to [the record] rule are quite narrow and rarely invoked." *CTS Corp.*, 759 F.3d at 64. It is Plaintiffs' burden to "demonstrate unusual circumstances justifying departure

4

from th[e] general rule." *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008) (quoting *Tex. Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991)); *WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 6 (D.D.C. 2013) (deeming this a "heavy burden"). Plaintiffs have not attempted to carry their heavy burden of showing that the identified evidence falls under one of these "narrow" and "rare[]" exceptions. Thus, the Court should grant the Departments' motion to strike Plaintiffs' extra-record evidence, and any statements in their motion for summary judgment and SUF based upon that evidence should be struck.[1]

## II.  Defendants' Additional Evidence Is Proper

Along with their cross motion and reply, the Departments submitted evidence that is not part of the administrative records but that is nevertheless proper for the Court to consider because it relates to the appropriate remedy, mootness, and standing, which are non-merits issues to which the record-review rule does not apply. *See* Defs.' Mot. 6–7; Reply Ex. A. Plaintiffs do not object to the Departments' evidence to the extent it relates to such non-merits issues. *See* Pls.' Opp. 5. The Departments note that the new declaration and attached exhibits filed with their reply in support of their cross-motion for summary judgment is such evidence as it goes to mootness, and, thus, the Departments expect this declaration and attached exhibits to fall within the category of evidence to which Plaintiffs do not object.

Plaintiffs do object to evidence the Departments submitted in response to a statement in a declaration Plaintiffs submitted in which one of the Plaintiffs claimed that the Departments are not applying the "significant possibility" standard. *See* Pls.' Opp. 5. Although Plaintiffs claim they do not rely on the statement in the declaration to support their merits argument, they quote it verbatim at paragraph 186 of their SUF ("Las Americas must also prepare clients to overcome the Rule's

---

[1] The Departments continue to urge the Court to disregard Plaintiffs' SUF to the extent any statements it contains contradicts the Departments' statement of the facts.

5

bar on the merits, without the benefit of the significant possibility standard."), which carries with it the implicit claim that Plaintiffs believe the fact to be undisputed—that is, that Plaintiff must prepare clients to overcome the Rule's presumption "without the benefit of the significant possibility standard." Exhibits 1 and 2 to the Departments' Lynn Declaration, Dkt. 53-3, responds to that factual assertion. If the Court does not strike the identified statements in Plaintiffs' declaration and SUF, the Court should consider the Departments' responsive evidence.

## CONCLUSION

For the reasons stated above, the Court should strike Plaintiffs' extra-record evidence to the extent it is relied upon to argue that the actions under review violate the APA as well as corresponding statements in Plaintiffs SUF and consider the additional documents submitted by the Departments relating to the appropriate remedy, standing, and mootness.

                    Respectfully submitted,

                    BRIAN M. BOYNTON
                    Principal Deputy Assistant Attorney General

                    WILLIAM C. PEACHEY
                    Director

                    EREZ R. REUVENI
                    Counsel

            By: */s/ Christina P. Greer*
                    CHRISTINA P. GREER
                    Senior Litigation Counsel
                    Office of Immigration Litigation
                    U.S. Department of Justice, Civil Division
                    P.O. Box 868, Ben Franklin Station
                    Washington, DC 20044
                    Tel: (202) 598-8770
                    Email: Christina.P.Greer@usdoj.gov

Dated: December 20, 2023          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Christina P. Greer*
CHRISTINA P. GREER
Senior Litigation Counsel
United States Department of Justice
Civil Division