UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| M.A. *et al*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, in his official capacity<br><br>*Defendants*. | Case No. 1:23-cv-1843-TSC |

**MOTION BY MONTANA, FLORIDA, ALASKA, ARKANSAS, IDAHO, INDIANA, IOWA, KENTUCKY, MISSISSIPPI, MISSOURI, NEBRASKA, NEW HAMPSHIRE, NORTH DAKOTA, OHIO, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, TEXAS, UTAH, AND VIRGINIA FOR LEAVE TO FILE AMICUS BRIEF**

Under Local Civil Rule 7(o), the States of Montana, Florida, Alaska, Arkansas, Idaho, Indiana, Iowa, Kentucky, Mississippi, Missouri, Nebraska, New Hampshire, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Utah, and Virginia ("Amici States") move for leave to file an amicus brief in support of the proposed Intervenor States of Kansas, Alabama, Georgia, Louisiana, and West Virginia's ("Intervenor States") motion to intervene.

While Local Rule 7(o)(1) permits a state to file an amicus brief without leave of court, *see* LCvR 7(o)(1), this Court's August 25, 2023 stipulation and scheduling order indicated that amicus briefs would only be permitted "to the extent that the court has granted the proffering individual or entity permission to file an amicus brief," *see* ECF 30.  Thus, the Amici States respectfully request the Court's permission to file the attached brief as amicus curiae in support of the Intervenor States' motion to intervene to bring several relevant matters to the Court's attention:

- The legislative history of the 1996 amendments to the Immigration and Nationality Act that Plaintiffs' concede the regulations at issue implement, and that were specifically intended to protect States from the fiscal impact of asylum abuse.

- The limited holding of *United States v. Texas*, 143 S. Ct. 1964 (2023), and the Supreme Court's distinguishing of cases finding standing based on fiscal harms.

- The prospect of the Government circumventing the Administrative Procedure Act via "sue-and-settle" tactics raises grave federalism, separation of powers, due process, Administrative Procedure Act, and political accountability concerns.

- The Supreme Court granted certiorari in *Arizona v. City & County of San Francisco*, No. 20-1775 (U.S.), to address circumstances striking similar to those in this case, but dismissed its grant of certiorari due to that case's "mare's nest" of procedural complications.

These issues are relevant to this Court's decision on the motion to intervene, and thus the accompanying brief may aid the Court.

This Court entered the parties joint stipulation to hold this case in abeyance on February 6, 2024. *See* Minute Order (Feb. 6, 2024); *see also* ECF 66, 66-1. Intervenor States moved to intervene on March 7, 2024, *see* ECF 67, and briefing on that motion was just completed, *see* ECF 82. Because Amici States' proposed amicus brief raises issues relevant to this Court's consideration of Intervenor States' motion to intervene and will not prejudice any party, this Court should grant the Amici States' motion and deem the attached amicus brief timely filed.

On behalf of the Amici States, Montana's counsel conferred with counsel for Plaintiffs and Defendants to determine the parties' position on this motion. Plaintiffs indicated that they "oppose the motion due to the untimeliness of the proposed amicus brief." Defendants indicated that "[t]he government takes no position on the motion in light of the untimeliness of the proposed amicus brief." For the foregoing reasons, Amici States request that the Court grant this motion for leave to file the accompanying brief as amicus curiae.

3

DATED this 5th day of April, 2024.

                                         AUSTIN KNUDSEN
                                            *Montana Attorney General*
                                         CHRISTIAN B. CORRIGAN
                                            *Solicitor General*

*/s/Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.
  *Deputy Solicitor General*
CHRISTIAN B. CORRIGAN
  *Solicitor General*
Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Tel: (406) 444-2026
peter.torstensen@mt.gov
christian.corrigan@mt.gov

*Counsel for Amicus State of Montana*

ASHLEY MOODY
  *Florida Attorney General*

*/s/Henry C. Whitaker*
HENRY C. WHITAKER
  *Solicitor General*
JAMES H. PERCIVAL
  *Chief of Staff*
BRIDGET K. O'HICKEY
  *Assistant Solicitor General*
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
Tel: (850) 414-3300
henry.whitaker@myfloridalegal.com

*Counsel for Amicus State of Florida*

*Amici Curiae*:

TREG TAYLOR
*Attorney General of Alaska*

TIM GRIFFIN
*Attorney General of Arkansas*

RAÚL R. LABRADOR
*Attorney General of Idaho*

THEODORE E. ROKITA
*Attorney General of Indiana*

BRENNA BIRD
*Attorney General of Iowa*

RUSSELL COLEMAN
*Attorney General of Kentucky*

LYNN FITCH
*Attorney General of Mississippi*

ANDREW BAILEY
*Attorney General of Missouri*

MICHAEL T. HILGERS
*Attorney General of Nebraska*

JOHN M. FORMELLA
*Attorney General of New Hampshire*

DREW H. WRIGLEY
*Attorney General of North Dakota*

DAVE YOST
*Attorney General of Ohio*

ALAN WILSON
*Attorney General of South Carolina*

MARTY J. JACKLEY
*Attorney General of South Dakota*

JONATHAN SKRMETTI
*Attorney General and Reporter of Tennessee*

KEN PAXTON
*Attorney General of Texas*

SEAN D. REYES
*Attorney General of Utah*

JASON MIYARES
*Attorney General of Virginia*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*/s/Peter M. Torstensen, Jr.*
PETER M. TORSTENSEN, JR.
