UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.A., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Defendants. | Civil Action No. 1:23-cv-01843-TSC |

**JOINT STATUS REPORT**

On February 6, 2024, the Court stayed this case until further order of the Court in light of settlement discussions between the parties. Minute Order dated Feb. 6, 2024. In a series of joint status reports and at a status conference on November 21, 2024, the parties notified the Court that those settlement discussions were ongoing.

On February 4, 2025, the parties submitted a joint status report stating that they had concluded their settlement discussions and were "discussing the next steps for this litigation, including the need for supplemental briefing." ECF 91. On March 6, 2025, and April 9, 2025, the parties filed joint status reports stating that the "parties are still assessing appropriate next steps in this litigation, including whether any recent policy changes have any impact on this case." ECF 92; ECF 97. On June 10, the parties filed a joint status report stating: (i) that the Rule at issue in this case, *Circumvention of Lawful Pathways*, 88 Fed. Reg. 31,314 (May 16, 2023), which by its terms, applies to certain individuals who entered between May 11, 2023 and May 11, 2025, *see* 8 C.F.R. §§ 208.33(a), 1208.13(f), had not been extended to apply to new entrants; and (ii) the parties were still discussing the status of the other procedures applicable in expedited removal proceedings

challenged by Plaintiffs that are at issue in the parties' pending cross-motions for summary judgment. ECF 103.

As the parties have previously informed the Court, the Rule at issue in this case is no longer being applied to new entrants into the United States. It does, however, remain effective as to people who entered between May 11, 2023, and May 11, 2025. In addition, Defendants report that the voluntary withdrawal advisals that Plaintiffs challenge, which Plaintiffs referred to as the "voluntary return policy," are no longer in place.

Plaintiffs thus request that the abeyance that is currently in place should be lifted. The parties agree that supplemental briefing is appropriate and ask for one week, until July 17, 2025, to meet and confer about a proposed schedule for any supplemental briefing that may be needed and about the scope of any such briefing. To the extent that the parties agree on a schedule for these proceedings, they will propose that schedule no later than July 17, 2025. If the parties cannot agree on a schedule and the scope of future briefing, the parties will submit individual proposals no later than July 17, 2025, and they will make themselves available for a status hearing regarding those proposals after July 28, 2025.

Respectfully submitted,

| | | | |
|---|---|---|---|
| By: | */s/* Morgan Russell (w/ permission)<br>Morgan Russell<br>American Civil Liberties Union<br>Immigrants' Rights Project<br>425 California Street, 7th Floor<br>San Francisco, CA 94104<br>415-343-0770<br>mrussell@aclu.org | By: | /s/ Katherine J. Shinners<br>Katherine J. Shinners<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>P.O. Box 878, Ben Franklin Station<br>Washington, DC 20044<br>Tel. (202) 598-8259<br>katherine.j.shinners@usdoj.gov |
| | *Counsel for Plaintiffs* | | *Counsel for Defendants* |

Dated: July 10, 2025