IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.A., *et al.*, <br><br>    *Plaintiffs*, <br><br>v. <br><br>KRISTI NOEM, Secretary of Homeland Security, in her official capacity, *et al.*, <br><br>    *Defendants*. | No. 1:23-cv-1843-TSC |

**PLAINTIFFS' MOTION FOR RELIEF FROM STANDING ORDER NO. 25-55**[1]

**BACKGROUND**

  In July 2025, the Court lifted the stay in this case, which challenges the asylum restrictions in the so-called "Circumvention of Lawful Pathways" Rule, 88 Fed. Reg. 31,314 (May 16, 2023) ("the Rule"), and related policies, after the parties' attempt to reach a settlement failed. *See* Dkt. 105. The Court denied the parties' prior cross-motions for summary judgment without prejudice and entered a new briefing schedule, jointly requested by the parties, under which renewed summary judgment briefing would be completed on October 9, 2025. *See* Dkt. 106. Plaintiffs' motion for summary judgment and Defendants' opposition and cross-motion were filed in accordance with that schedule. *See* Dkts. 109-11. The parties then sought, and the Court granted, short extensions of the schedule for filing the remaining two briefs until October 9 and October

---

[1] Defendants' counsel stated that Defendants oppose this motion in light of the lapse in appropriations. Defendants' counsel further stated that, in the alternative, Defendants would request a deadline of no earlier than December 5, 2025, in light of the Thanksgiving holiday just before December 1, the complexity of the case, and the levels of review needed.

1

30, 2025. *See* Dkt. 112. Plaintiffs accordingly filed their response-reply brief on October 9, 2025. *See* Dkt. 115.

Under the revised schedule, Defendants' reply brief—the final brief in the sequence—was to be filed on October 30, 2025. *See* Dkt. 112. On October 1, however, federal appropriations lapsed. In response, Chief Judge Boasberg issued a standing order extending the federal government's deadlines "by the number of days equal to the length (in days) of the lapse of appropriations plus ten days." D.D.C. Standing Order No. 25-55, at 1-2 (Oct. 1, 2025). The lapse in appropriations, which started on October 1, 2025, is now in its 35th day. Thus, under the standing order, Defendants' brief will be due no earlier than December 20, 2025.

Both because the policies at issue in this case continue to have devastating effects on asylum seekers and because Congress mandated that cases challenging expedited-removal policies be expedited to the greatest possible extent, Plaintiffs now respectfully move for relief from the standing order. Specifically, Plaintiffs ask the Court to issue an order requiring Defendants to file their reply brief in support of their summary judgment motion no later than December 1, 2025.

## ARGUMENT

Plaintiffs seek relief from the standing order because the Rule and other policies at issue continue to impose significant harm on the noncitizens they affect. As explained in Plaintiffs' summary judgment briefs, Defendants continue to apply the Rule's asylum ban to a significant number of noncitizens who crossed into the United States between May 11, 2023, and May 11, 2025 without using one of the Rule's so-called "pathways" and who are currently in either full or expedited removal proceedings.[2] *See* Dkt. 109 at 10-11. The policy shortening the consultation

---

[2] Two of those three "pathways" were made categorically unavailable by executive fiat to anyone who entered the country on or after January 20, 2025. *See* Dkt. 109 at 11.

2

period before credible fear interviews, meanwhile, continues to prevent noncitizens from consulting with counsel before those interviews—at which the Rule requires them to satisfy a heightened screening standard. *See id.* at 9, 11-12. And under the final policy at issue, Defendants continue to subject noncitizens to third-country removals without notice. *See id.* at 12. Each of these policies has the effect of increasing the risk of *refoulement*—the unlawful return of noncitizens to persecution or torture. *See id.* at 28-29; Dkt. 116 at 29. Each thus endangers human life.

Furthermore, most of the claims in this case challenge expedited-removal policies and are therefore governed by 8 U.S.C. § 1252(e)(3). *See, e.g.*, Dkt. 19 ¶¶ 138-81; Dkt. 116 at 7-8. Congress specified that "[i]t shall be the duty of the District Court … to advance on the docket and to expedite *to the greatest possible extent* the disposition of any case considered under" that paragraph. 8 U.S.C. § 1252(e)(3)(D) (emphasis added). The lapse in appropriations does not make it impossible for this litigation to proceed: This Court remains committed to "reviewing and processing motions" during the lapse. D.D.C., *Public and Media Advisory: Court Operations During Shutdown* (Oct. 17, 2025). The D.C. Circuit recently denied the government's motion to stay proceedings in a case involving a different draconian restriction on asylum. *See RAICES v. Noem*, C.A.D.C. No. 25-5243, Doc. 2141536 (Oct. 22, 2025). And the standing order expressly contemplates the availability of relief from the blanket extension in appropriate cases. *See* Standing Order 25-55 at 2. Moreover, the Department of Justice has affirmatively committed to continuing civil litigation "in which a delay would," as in this case, "compromise to a significant degree the safety of human life." *U.S. Dep't of Justice FY 2026 Contingency Plan* 3, https://www.justice.gov/jmd/media/1377216/dl. Expedition of this case to the "greatest possible

extent" is thus inconsistent with the standing order, which gives Defendants an as-yet indefinite extension of time.

Plaintiffs understand that the lapse in appropriations restricts the resources available to Defendants' counsel. For that reason, although Defendants had only 21 days to file their reply brief under the joint briefing schedule, Plaintiffs are willing to provide Defendants with 26 days following the date of this motion in which to prepare and file their reply. But Plaintiffs respectfully submit that a lengthier, indefinite extension would be inappropriate, especially given the ongoing harms of the challenged policies.

## CONCLUSION

The Court should enter an order requiring Defendants to file their reply brief in support of their summary judgment motion no later than December 1, 2025.

Dated: November 5, 2025                                Respectfully submitted,

Richard Caldarone (D.C. Bar No. 989575)*
Kristy Blumeyer-Martinez*
Refugee and Immigrant Center for Education
and Legal Services (RAICES)
P.O. Box 786100
San Antonio, TX 78278
T: 210-960-3206
richard.caldarone@raicestexas.org
kristy.blumeyermartinez@raicestexas.org

Keren Zwick (D.D.C. Bar. No. IL0055)
Mary Georgevich*
Mark Feldman*
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604
T: 312-660-1370
kzwick@immigrantjustice.org
mgeorgevich@immigrantjustice.org
mfeldman@immigrantjustice.org

/s/ Lee Gelernt
Lee Gelernt (D.D.C. Bar No. NY0408)
Omar C. Jadwat*
Noor Zafar*
Sidra Mahfooz*
Judy Rabinovitz*
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2660
lgelernt@aclu.org
ojadwat@aclu.org
nzafar@aclu.org
smahfooz@aclu.org
jrabinovitz@aclu.org

Cody Wofsy (D.D.C. Bar No. CA00103)
Morgan Russell*
My Khanh Ngo*
American Civil Liberties Union Foundation
Immigrants' Rights Project

Melissa Crow (D.C. Bar. No. 453487)
Center for Gender & Refugee Studies
1121 14th Street, NW, Suite 200
Washington, D.C. 20005
T: 202-355-4471
crowmelissa@uclawsf.edu

Anne Dutton*
Center for Gender & Refugee Studies
200 McAllister Street
San Francisco, CA 94102
T: 415-581-8825
duttonanne@uclawsf.edu

Robert Pauw*
Center for Gender & Refugee Studies
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
T: 206-682-1080
rpauw@ghp-law.net

425 California Street, Suite 700
San Francisco, CA 94104
T: 415-343-0770
cwofsy@aclu.org
mrussell@aclu.org
mngo@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
T: 202-457-0800
aspitzer@acludc.org
smichelman@acludc.org

*Attorneys for Plaintiffs*

*\*Appearing pro hac vice or under certificate of pro bono representation*