BRETT A. SHUMATE
*Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*
SAMUEL P. GO
*Assistant Director*
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| M.A., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:23-cv-01843-TSC |
| Markwayne Mullin[1], *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' RESPONSE TO NOTICE OF
SUPPLEMENTAL AUTHORITY [ECF No. 124]**

Defendants hereby respond to Plaintiffs' notice of the D.C. Circuit's decision in *Refugee and Immigrant Center for Education and Legal Services (RAICES) v. Mullin*, --- F.4th ---, 2026 WL 11106126 (D. C. Cir. Apr. 24, 2026) (ECF No. 124).

---

[1] Secretary of Homeland Security Mullin is automatically substituted for his predecessor under Fed. R. Civ. P. 25(d).

In *RAICES*, the D.C. Circuit considered the lawfulness of aspects of Presidential Proclamation 10888—issued under the authority of 8 U.S.C. §§ 1182(f) and 1185(a)(1) and Article II of the Constitution—which suspends the entry of aliens engaged in an invasion across the Southwest border or who fail to provide sufficient medical, criminal history, and background information, and likewise restricts covered aliens from invoking provisions of the INA, including the asylum statute, "that would permit their continued presence in the United States." *See RAICES*, 2026 WL 11106126, at *5-6; Proclamation 10888 of January 20, 2025, *Guaranteeing the States Protection Against Invasion*, 90 Fed. Reg. 8333 (Jan. 29, 2025). A divided panel concluded that the Proclamation and its implementing guidance are unlawful as applied to aliens within the United States to the extent the Proclamation and guidance supplement the removal procedures set forth in the Immigration and Nationality Act and implementing regulations. *See RAICES*, 2026 WL 1110626, at *2, 6-7, 8.

The government respectfully disagrees with this holding and is considering whether to seek further review. The holding is in any event not controlling or instructive here, because the Circumvention of Lawful Pathways Rule (Rule) is materially distinct from the Proclamation and its implementing guidance. *First*, the Rule, unlike the Proclamation and implementing guidance, is an asylum regulation applied within the existing statutory contexts of removal proceedings under Title 8 and affirmative asylum applications. *See, e.g.*, ECF No. 110 at 9. *Second*, it was enacted by the Departments of Justice and Homeland Security using notice-and-comment rulemaking. *See* 88 Fed. Reg. at 31,314, 31,319. *Third*, the Departments invoked their statutory discretionary authority to impose conditions on asylum eligibility as authority to promulgate the Rule. *See* 88 Fed. Reg. at 31,318, 31,323 (citing 8 U.S.C. §§ 1158(b)(2)(C) and 1158(d)(5)(B)). The Rule thus does not rely on 8 U.S.C. §§ 1182(f) and 1185(a)(1) as addressed in *RAICES*. *See RAICES*, 2026 WL 1110616, at *9-13. *Fourth*, the Rule sets a condition on asylum eligibility that is subject to various

exceptions and can be rebutted in a number of ways based on the consideration of the individual's circumstances, *see* ECF No. 110 at 44-51; it does not impose a "wholesale denial" of asylum on covered aliens outside of removal procedures, nor does it arguably impose a restriction on the ability to "apply" for or "invoke" asylum, *see RAICES*, 2026 WL 1110616, at \*14-16; ECF No. 110 at 42-43. For these reasons, the D.C. Circuit's reasoning that the Proclamation's elimination of asylum procedures for covered aliens could not be justified by the fact that asylum is ultimately an entirely discretionary benefit is not helpful to Plaintiffs here. *See* ECF No. 124 at 2 (citing *RAICES*, 2026 WL 1110616, at \*15-16, 19).

Further, because of these differences between the Rule and the Proclamation, the majority's vague dicta in a footnote that the Proclamation and implementing guidance "squarely conflict with several statutory provisions," *see id.* at \*18 n.3, is likewise not instructive. Whatever the panel majority meant by this statement, it does not support a conclusion that the Rule's condition on asylum eligibility is not "consistent with" the asylum statute. *See* 8 U.S.C. § 1158(b)(2)(C); ECF No. 110 at 39-40.[2]

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

SAMUEL P. GO
Assistant Director

By: */s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel

---

[2] Defendants also disagree with the *RAICES* panel's conclusion that § 1252(f)(1) does not bar universal, class-wide vacatur that restrains the government's operation of covered provisions. *See RAICES*, 2026 WL 1110616, at \*26-27.

3

Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

Dated: May 6, 2026                    *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: <u>*/s/ Katherine J. Shinners*</u>
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division