**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

M.A., *et al.*,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, *et al.*,

*Defendants*.

Case No. 1:23-cv-1843-TSC

**PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs notify the Court of the Ninth Circuit's decision in *Garcia Morales v. Blanche*, No. 25-1760, 2026 WL 2564025 (9th Cir. Aug. 31, 2026), holding that the Circumvention of Lawful Pathways rule ("Rule") is inconsistent with the asylum statute. That decision directly supports Plaintiffs' arguments here concerning the Rule's eligibility bar and refutes those advanced by the government.

First, the Ninth Circuit held that because the Rule requires "asylum seekers to present at a port of entry to preserve their eligibility," and "deem[s] noncitizens ineligible for asylum because they entered the U.S. between ports of entry," it is "inconsistent with [8 U.S.C.] § 1158(a)." *Id.* at *6, 9; *see* Pls.' Renewed MSJ, ECF No. 109, at 14-15; Pls.' Renewed MSJ Reply & Opp'n, ECF No. 116, at 14-15. In doing so, the court rejected both the government's asserted distinction between applying for asylum and asylum eligibility and its reliance on the discretion to deny asylum in individual cases. *Garcia Morales*, 2026 WL 2564025, at *9-10, 15; *see* Pls.' Renewed MSJ Reply & Opp'n, ECF No. 116, at 15, 18.

Second, the Ninth Circuit agreed with Plaintiffs' position that the Rule's structure as a purported "presumption of ineligibility subject to exceptions . . . does not save its validity" because "each exception is legally invalid or practically unavailable"—and the government cannot lawfully impose "a forced choice between . . . independently invalid conditions." *Garcia Morales*, 2026 WL 2564025, at *11-12, *14 (citing *New York v. United States*, 505 U.S. 144, 176 (1992)); *see* Pls.' Renewed MSJ, ECF No. 109, at 14-16; Pls.' Renewed MSJ Reply & Opp'n, ECF No. 116, at 19-20.

As to the individual exceptions, the Ninth Circuit first held that the purported parole exception "is not a true exception" because the parole programs "expressly required noncitizens . . . to 'fly at their own expense to an interior [airport], rather than arriving at the [southwest border]." *Garcia Morales*, 2026 WL 2564025, at *13; *see* Pls.' Renewed MSJ, ECF No. 109, at 15-17. The court then concluded that the transit-denial exception "is both illegal and illusory" for the same reasons Plaintiffs here have explained. *Garcia Morales*, 2026 WL 2564025, at *13; *see* Pls.' Renewed MSJ, ECF No. 109, at 15, 17-18. And it held that the "exceptionally compelling circumstances" exception cannot save the Rule because "[w]hen an action is not 'mandatory,' the government cannot demand a showing of 'extraordinary circumstances' to justify departure from its preferred action." *Garcia Morales*, 2026 WL 2564025, at *14 (quoting *Gall v. United States*, 552 U.S. 38, 46-47 (2007)); *see* Pls.' Renewed MSJ, ECF No. 109, at 16 n.6; Pls.' Renewed MSJ Reply & Opp'n, ECF No. 116, at 15.

It remains important for this Court to vacate the Rule, vacate the separate unlawful policies at issue solely in this case, and issue the other relief necessary to redress Plaintiffs' specific injuries. *See* Pls.' 2nd Notice of Suppl. Authority, ECF No. 126, at 2 (May 18, 2026).

Dated: September 14, 2026

Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt (D.D.C. Bar No. NY0408)
Omar C. Jadwat*
Noor Zafar*
Sidra Mahfooz*
Judy Rabinovitz*
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2660
lgelernt@aclu.org
ojadwat@aclu.org
nzafar@aclu.org
smahfooz@aclu.org
jrabinovitz@aclu.org

Cody Wofsy (D.D.C. Bar No. CA00103)
Morgan Russell*
My Khanh Ngo*
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
T: 415-343-0770
cwofsy@aclu.org
mrussell@aclu.org
mngo@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
T: 202-457-0800
aspitzer@acludc.org
smichelman@acludc.org

Keren Zwick (D.D.C. Bar. No. IL0055)
Richard Caldarone (D.C. Bar No. 989575)
Mary Georgevich*
Mark Feldman*
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604
T: 312-660-1370
kzwick@immigrantjustice.org
rcaldarone@immigrantjustice.org
mgeorgevich@immigrantjustice.org
mfeldman@immigrantjustice.org

Melissa Crow (D.C. Bar. No. 453487)
Center for Gender & Refugee Studies
1901 Pennsylvania Avenue NW
Suite 900, PMB 228
Washington, D.C. 20006
T: 202-355-4471
crowmelissa@uclawsf.edu

Anne Dutton*
Center for Gender & Refugee Studies
200 McAllister Street
San Francisco, CA 94102
T: 415-581-8825
duttonanne@uclawsf.edu

Robert Pauw*
Center for Gender & Refugee Studies
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
T: 206-682-1080
rpauw@ghp-law.net

Kristy Blumeyer-Martinez*
Refugee and Immigrant Center for Education
and Legal Services (RAICES)
P.O. Box 786100
San Antonio, TX 78278
T: 210-960-3206
kristy.blumeyermartinez@raicestexas.org

*Attorneys for Plaintiffs*

**Appearing pro hac vice or under certificate of pro bono representation*